Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Christopher A. Minier (State Bar No. 190705)
cminier@ringstadlaw.com
RINGSTAD & SANDERS, LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA  92660
Telephone: (949) 851-7450
Facsimile: (949) 851-6926

Proposed General Insolvency Counsel for World
Service West / LA Inflight Service Company, LLC,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>WORLD SERVICE WEST / LA INFLIGHT SERVICE COMPANY, LLC, a California limited liability company,<br><br>Debtor and Debtor-in-possession. | Case No. 2:21-bk-16800 BB<br><br>Chapter 11 Proceeding<br><br>**APPLICATION TO EMPLOY RINGSTAD & SANDERS LLP AS GENERAL INSOLVENCY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER A. MINER IN SUPPORT THEREOF**<br><br>[No hearing required – Local Bankruptcy Rules 2014-1(b)(1) and 9013-1(o)] |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

World Service West / LA Inflight Service Company, LLC, the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby submits its Application (the "Application") to employ of Ringstad & Sanders LLP (the "Firm") as its general insolvency counsel as of August 27, 2021, with compensation subject to 11 U.S.C. § 330.

Ringstad & Sanders
LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

1    This Application is based upon the attached Memorandum of Points and Authorities, the

2    attached Declaration of Christopher A. Minier, the Court's records and files in this bankruptcy

3    proceeding, and on such other and further matters as the Court may allow.

4        PLEASE TAKE NOTICE that any response, opposition or request for hearing on the

5    Application must be filed (with a duplicate copy) with the above-captioned Court located at 255

6    East Temple Street, Los Angeles, CA 90012, and served on proposed counsel for the Debtor at

7    the address indicated in the upper-left hand corner of the first page of this document, as well as on

8    all other parties entitled to service thereof, within fourteen (14) days of the date of service of the

9    notice on the Application.  Failure to timely file and serve an opposition, response or request for

10   hearing may be deemed by the Court to be consent to the relief sought in the Application.

11

12                                         WORLD SERVICE WEST / LA INFLIGHT
                                           SERVICE COMPANY, LLC
13

14   Dated: September 3, 2021               By: _____
15                                              Steven Yoon, Co Managing Member

16
                                           RINGSTAD & SANDERS LLP
17

18   Dated: September 3, 2021               By:  /s Christopher A. Minier
19                                              Christopher A. Minier
                                           Proposed General Insolvency Counsel for World Service
20                                         West / LA Inflight Service Company, LLC, Debtor and
                                           Debtor-in-Possession
21

22

23

24

25

26

27

28

Ringstad & Sanders
L.L.P.
4143 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949 851 7450

<div style="writing-mode: vertical">Ringstad & Sanders
—— LLP ——
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450</div>

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF FACTS

**A.**    **General Background.**

The following facts are set forth in the Omnibus Declaration of Steven Yoon in support of the Emergency First Day Motions filed in this case [Docket No. 4]:

World Service West / LA Inflight Service Company, LLC, a California limited liability company, the debtor and debtor-in-possession herein (the "Debtor"), is an entity owned and operated by Byung "Charlie" Yoon (50% membership interest), his wife Michelle Yoon (10% membership interest), and their son Steven Yoon (40% membership interest). Each of the three Yoon family members are co-managing members of the Debtor.

The debtor has historically been in the business of providing cleaning and janitorial services at several international airport terminals at Los Angeles International Airport ("LAX"), and providing aircraft cabin cleaning services to a number of airlines operating international flights out of LAX. The Debtor, or its predecessor entities, have been continually owned and operated by the Yoon family for approximately the past 36 years.

Currently, the Debtor employs approximately 84 non-insider union employees that are paid on an hourly basis, plus 11 non-insider managerial / supervisory / accounting personnel, some of whom are salaried and some of whom are paid on an hourly basis.

Beginning in early 2020 and continuing to the present, the Covid-19 pandemic drastically reduced the number of international airplane flights arriving to, and departing from, LAX. This resulted the Debtor being unable to continue profitably operating the aircraft cabin cleaning portion of its business, and the Debtor was ultimately required to cease all such operations. In turn, the sharp decline and eventual cessation of the Debtor's aircraft cleaning operations caused a steep decline in the Debtor's gross revenue and profitability.

With airlines themselves also having to contend with the significant negative financial impact caused by the pandemic, in May of 2020, the consortiums of airlines that manage the terminals at LAX (collectively the "Terminal Operators") reduced the Debtor's cleaning and

1  janitorial work at the terminals it services by approximately sixty percent.  This caused a further

2  significant decline in the Debtor's gross income and ability to operate profitably.

3       Because of the financial challenges that the Debtor has been facing due to the pandemic,

4  during 2020 and 2021, Charlie Yoon has been required to loan $300,000 to the Debtor, and

5  Steven Yoon has been require to loan $224,500 to the Debtor, to fund its ongoing operations.

6       An examination of the Debtor's gross income over recent years clearly indicates the

7  severe negative effects on the Debtor's financial performance that has been caused by the

8  pandemic (and the consequential reduction in the Debtor's work volume).

9  Debtor's Gross Annual Income by Year:

10  2018     $13,629,890.47

11  2019     $13,038,537.67

12  2020     $7,045,512.08

13  2021     $2,575,029.41 (Jan. 1 to July 31)

14       As the foregoing figures illustrate, the Debtor's current gross annual income is only

15  approximately 30% of what it was prior to the start of the pandemic.  The Debtor hopes that the

16  end of the pandemic will result in the restoration of international air travel to its pre-pandemic

17  levels, and that this will restore the amount of work that the Debtor has at LAX (and consequently

18  restore the Debtor's income to what it prior to the pandemic), resulting in the Debtor once again

19  being able to operate profitably.

20       Compounding the Debtor's recent struggles is the fact that two lawsuits have been brough

21  against it over the past several years.  First, in May of 2017, a class action lawsuit was filed

22  against the Debtor in Los Angeles County Superior Court seeking damages for the Debtor's

23  alleged failure to: (i) pay overtime wages; (ii) pay minimum wages; (iii) pay all wages upon

24  termination of employment; (iv) provide meal and rest periods; and (v) provide accurate wage

25  statements.  This action is known as *Umana v. World Service West / La Inflight Service Company,*

26  *LLC*, L.A.S.C. Case No. BC662542 (the "Class Action").  The plaintiffs in the Class Action

27  consist of 635 current and former employees of the Debtor.

28  ///

Ringstad & Sanders
LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

1    While the Debtor contested the plaintiffs' claims in the Class Action, in April of 2020

2  (prior to the start of the pandemic and before the Terminal Operators drastically reduced the

3  Debtor's amount of work at LAX), the Debtor entered into a settlement stipulation with the

4  plaintiffs to resolve the litigation.  In April of 2021, the Superior Court entered an order granting

5  final approval of the parties' settlement.  The settlement provided that by not later than July 1,

6  2021, the Debtor would pay a total of $1,500,000.00 to the plaintiffs to be distributed among the

7  class members and their counsel, plus all employer's taxes that would come due on the settlement

8  amount.  Thus, the total amount that the Debtor agreed to pay under the settlement totaled

9  approximately $1.8 million.

10    Because of the reduction of the amount of work that the Debtor had at LAX as a result of

11  both the pandemic and the Terminal Operators' decision to reduce their use of the Debtor's

12  services by 60%, by the time that the settlement in the Class Action was approved by the Superior

13  Court, it was entirely impossible for the Debtor to pay the settlement amount from its ongoing

14  operations and income.  In an effort to be able to pay the settlement, the Debtor sought to obtain

15  loans from five different banks.  However, based on the Debtor's current financial circumstances,

16  none of the lenders would agree to loan the Debtor more than a few hundred thousand dollars

17  (which would be inadequate to permit the Debtor to pay the approximate $1.8 million settlement

18  amount).  Accordingly, the need to contend with the settlement in the Class Action is one of the

19  primary factors that required the Debtor to commence its instant bankruptcy case.

20    In September of 2019, a second lawsuit was filed against the Debtor in the United States

21  District Court for the Northern District of California by the board of trustees of the California

22  Service Employees Health and Welfare Trust Fund (the "Healthcare Trust").  This action is

23  entitled *The Board of Trustees of the California Service Employees Health and Welfare Trust*

24  *Fund v. World Service West / LA Inflight Service Company, LLC*, U.S.D.C. Case No. 4:19-cv-

25  05737-HSG (the "Trust Action").  In the Trust action, the plaintiff contended that the Debtor had

26  underpaid the amount it owed to the Healthcare Trust since July 1, 2014, based on the hours that

27  union employees had worked for the Debtor, and sought to recover such amounts as damages,

28  plus interest thereon, and attorneys' fees and costs.

Ringstad & Sanders
LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

Ringstad & Sanders
L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

1    Following mediation, the Debtor and the board of trustees entered into a settlement which

2    required the Debtor to pay a total of $334,825.97 to the Healthcare Trust in 24 monthly

3    installments, with the first payment being due on June 1, 2021.  The first 12 monthly payments to

4    be made by the Debtor pursuant to the Trust Action settlement are each in the amount of $10,000.

5    The Debtor made the first three settlement payments required under the parties' settlement

6    agreement prior to the commencement of its bankruptcy case.  However, the need to make such

7    payments has put further strain on the Debtor's precarious financial situation.

8    The Debtor is taking several steps to improve its financial situation.  First, the Debtor has

9    requested that the Terminal Operators increase the rates they pay for the services of the Debtor

10   and its employees at the terminals.  The Debtor has also requested that the Terminal Operators

11   restore the some or all of the volume of work that the Debtor performed at the terminals prior to

12   the pandemic.  The negotiations between the Debtor and the Terminal Operators on these issues is

13   ongoing, and have not yet been resolved.

14   The Debtor further believes that as the COVID pandemic slowly wanes, the volume of

15   international air traffic will slowly increase.  The Debtor believes that any substantial increase in

16   air traffic above its present levels will increase the volume of work that the Terminal Operators

17   ask the Debtor to perform at LAX, and that such an increase in work volume will both increase

18   the Debtor's gross income and facilitate its ability to operate profitably.

19   The Debtor is also pursuing new business opportunities.  The Debtor has been asked by

20   John Wayne Airport ("JWA") in Orange County to submit a proposal for a contract to clean the

21   entire airport, consisting of 17 buildings totaling 500,000 square feet, 24 hours per day and 365

22   days per year.  The Debtor's proposal for the JWA contract, and presumably the proposals of

23   competing contractors, are due to be submitted by no later than September 28, 2021.  The Debtor

24   anticipates that if it were to be awarded the JWA contract, it would greatly enhance the Debtor's

25   financial stability and profitability.

26   The Debtor commenced the instant Chapter 11 proceeding on August 27, 2021(the

27   "Petition Date') in order to restructure its financial affairs, and to deal with its prepetition

28   unsecured liabilities over time under a plan of reorganization.  The Debtor has elected to proceed

1  under Subchapter V of Chapter 11.

2  **B.**    <u>**Scope of Proposed Employment**</u>.

3  The Debtor seeks to employ Ringstad & Sanders LLP (the "Firm") to act as its general

4  insolvency counsel in this case.  To that end, the Firm will perform the following tasks for the

5  Debtor:

6  a.    Advising and assisting the Debtor with respect to compliance with the

7  United States Trustee Chapter 11 Notices and Guides and Revisions thereto;

8  b.    Advising the Debtor concerning the requirements of the Bankruptcy Code

9  and applicable rules as they affect the Debtor;

10  c.    Advising the Debtor regarding matters of bankruptcy law, including the

11  rights and remedies of the Debtor with regard to its assets and with respect to the claims of

12  creditors;

13  d.    Conferring with the Subchapter V trustee regarding the Debtor and its

14  financial affairs, the bankruptcy case, formulation and confirmation of a Chapter 11 plan

15  of reorganization, and such other matters as the Debtor and trustee deem necessary or

16  appropriate;

17  e.    Representing the Debtor in any proceedings or hearings in the Bankruptcy

18  Court and, subject to separate agreement, in any action in any other court where the

19  Debtor's rights under the Bankruptcy Code may be litigated or affected;

20  f.    Conducting examinations of witnesses, claimants, or adverse parties and

21  preparing and assisting in the preparation of reports, accounts, and pleadings related to

22  this case;

23  g.    Assisting the Debtor in the negotiation, formulation, confirmation, and

24  implementation of a Chapter 11 plan of reorganization; and

25  h.    Taking such other action and performing such other services as the Debtor

26  may require of the Firm in connection with this Chapter 11 case.

27  The Firm will not assert or evidence the Debtor's position on any matter affecting the

28  substantive rights of any party in interest without the express authorization of the Debtor, except

Ringstad & Sanders
LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

1  as emergency circumstances may require, in which case the Firm will attempt to contact and

2  confer with the Debtor.  However, the Firm will assert positions on procedural matters in its

3  discretion.

4  **C.**    **The Firm.**

5          The Firm is located in Newport Beach, California.  It is composed of attorneys who

6  specialize in insolvency, bankruptcy, and reorganizations, and is therefore well-qualified to

7  represent the Debtor.  The Firm has significant bankruptcy experience, having represented many

8  Chapter 11 debtors, bankruptcy trustees, unsecured creditors' committees, and creditors in the

9  context of bankruptcy cases, and handled numerous adversary proceedings.  A copy of the Firm's

10  professional resume is attached as Exhibit "1" to the Declaration of Christopher A. Minier (the

11  "Minier Declaration").  All attorneys of the Firm who will appear in this case are duly admitted to

12  practice law in the courts of the State of California and in the United States District Court for the

13  Central District of California.

14          Neither the Firm, nor any of the attorneys comprising or employed by it, have any

15  connection with the Debtor, its accountants, or other professionals, nor does the Firm have any

16  connection with the Debtor's outside creditors, or any other outside party in interest or its

17  respective attorneys or accountants, other than as set forth immediately below and in the Minier

18  Declaration.

19  **D.**    **Compensation.**

20          The Firm proposes to render services to the Debtor at the Firm's regular hourly rates,

21  which are subject to future adjustment following advance notice.  The following is a list of the

22  Firm's professionals that may provide services on this engagement:

23              <u>Attorneys</u>                                    <u>2021 Rates</u>

24          Todd C. Ringstad                              $695.00

25          Nanette D. Sanders                            $695.00

26          William N. Burd (Of Counsel)                  $695.00

27          Karen Sue Naylor                              $595.00

28          Christopher Minier                            $550.00

Ringstad & Sanders
LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

| 1 | Ashley M. Teesdale | $495.00 |
|---|---|---|
| 2 | Legal Assistants/Law Clerks | |
| 3 | Becky Metzner | $195.00 |
| 4 | Arlene Martin | $150.00 |

The Firm's regular practice of billing in increments of one-tenth of an hour will be followed in this case.

Compensation of the Firm is requested pursuant to Section 330 and the Firm will only be entitled to an award of reasonable compensation as set forth in Section 330(a).

The Firm has not agreed to share with any person or entity any compensation that it may be awarded, except among members of the Firm.  The Firm understands that its compensation is subject to approval of this Court and intends to apply in conformity with 11 U.S.C. § 331 for compensation and reimbursement of fees incurred and costs advanced as and when appropriate. The Firm will also file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid.  The Firm understands and agrees that if aggregate interim payments exceed the amount which is ultimately allowed, the Firm will promptly repay the difference to the estate, and the Firm represents that it has the ability to promptly repay any such amounts required.

**E.    Retainer for Post Petition Services.**

As set forth in the Minier Declaration, the Debtor provided the Firm a prepetition retainer of $35,000.00 on March 9, 2021; a prepetition retainer of $40,000.00 on August 6, 2021 and a prepetition retainer of $20,000.00 on August 25, 2021 for a total of $95,000.00.  Prepetition draws were made in the total amount of $77,486.50 for services prior to the commencement of the case, leaving a balance of $17,513.50 for post- petition services.  All retainers have been placed in a trust account to be maintained by the Firm.  A true and correct copy of the Firm's retainer agreement with the Debtor is attached to the Minier Declaration as Exhibit "2".  Pursuant to Section I.B. of the United States Trustee's *Guide to Applications for Retainers, and Professional and Insider Compensation*, the Firm requests authorization to draw the amount of its monthly invoices for fees and costs from the retainer funds on hand so long as no timely objection

1  to payment has been filed by any party within 10 days after the Firm serves a Professional Fee

2  Statement upon the Debtor, the United States Trustee, the Subchapter V trustee, the twenty largest

3  unsecured creditors, and any parties requesting special notice.

4  **F.**    **Monthly Payment**.

5        Pursuant to and in accordance with Local Bankruptcy Rule 2016-1(b), the Firm requests

6  that the Debtor be authorized to pay to the Firm its monthly invoices for fees and costs on a

7  current basis so long as there is no timely objection to such payment filed by any party after the

8  Firm serves a monthly Professional Fee Statement, as described above.  Pursuant to Section 7 of

9  the retainer agreement, the Debtor agreed to pay the Firm's fees and costs on a monthly basis

10  upon the depletion of the retainer it funded prepetition, and in accordance with authorization of

11  such payments by the Court.  In the retainer agreement, the Debtor further authorized the Firm to

12  seek the approval of the Court for it to pay the Firm's fees and costs on a monthly basis as set

13  forth above.  There are no creditors of the Debtor that claim any interest in cash collateral.

14        The Firm agrees to file periodic interim applications for approval of its fees and costs.

15  All amounts drawn by the Firm against the retainer, or paid by the Debtor to the Firm upon the

16  depletion of the retainer, will be subject to disgorgement if such amounts are not ultimately

17  allowed by the Court pursuant to interim and final fee applications filed pursuant to sections 330

18  and 331 of the Bankruptcy Code.

19                                **II.**

20                    **LEGAL AUTHORITY AND ARGUMENT**

21  **A.**    **The Court Should Authorize the Debtor to Employ the Firm as General Counsel**

22        Section 327(a) of the Bankruptcy Code provides:

23            Except as otherwise provided in this section, the trustee, with the
            court's approval, may employ one or more attorneys, accountants,
24            appraisers, auctioneers, or other professional persons, that do not hold or
            represent an interest adverse to the estate, and that are disinterested
25            persons to represent or assist the trustee in carrying out the trustee's duties
            under this title.

26

27        Thus, the Firm may be employed so long as the Firm (1) does not hold or represent an

28  interest adverse to the estate, and (2) is a "disinterested person."

Ringstad & Sanders
L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

The term "disinterested person" is defined by section 101(14) of the Bankruptcy Code as follows:

> The term 'disinterested person' means a person that – (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

The Ninth Circuit has explained the generally accepted definition of an "adverse interest" as follows:

> A generally accepted definition of "adverse interest" is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate.

*Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 845 (9th Cir. 2008).

Here, as set forth in the Minier Declaration, the Firm and each of its professionals are "disinterested persons" as that term is defined by the Bankruptcy Code.  Neither the Firm nor any of its professionals is a creditor, equity security holder, or insider of the Debtor, is or was a director, officer, member, or employee of the Debtor, or has any interest materially adverse to the interests of the estate or any class of creditors or equity security holders.

Moreover, the Firm does not hold or represent any interest adverse to the Debtor in this case.  Neither the Firm nor any of its professionals hold or represent any interest that would either tend lessen the value of the bankruptcy estate or would create an actual or potential dispute with the estate.  Neither the Firm nor any of its professionals possess a predisposition that creates any bias against the estate.

Because Section 327(a) authorizes a debtor-in-possession to employ attorneys who are disinterested and do not hold or represent an adverse interest, and because the Firm is disinterested and does not hold or represent an adverse interest, the Court should authorize the employment of the Firm as the Debtor' general insolvency counsel.

///

**B.**    **The Court Should Approve of the Fee Procedure.**

The proposed fee procedure is appropriate in this case.  Section 331 of the Bankruptcy

Code governs compensation for services rendered and reimbursement of expenses of

professionals retained at the expense of the bankruptcy estate.  It provides, in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, <u>or more often if the court permits</u>, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title….

11 U.S.C. § 331 (emphasis added).

Local Bankruptcy Rule 2016-1(b) provides, "A professional person employed in a chapter

11 case may request approval for and modifications of drawdown procedures and an order

allowing payment of interim compensation more frequently than once every 120 days."

In enacting the provisions of the Bankruptcy Code that relate to compensation of

professionals, Congress adopted the principle that "[p]rofessionals in bankruptcy cases are

entitled to be paid on a comparable basis to other privately retained counsel, both in terms of

timeliness and amount of payment." *In re Commercial Consortium of Ca*, 135 B.R. 120, 123

(Bankr. C.D. Cal. 1991); *citing Burgess v. Klenske (In re Manoa Fin. Co.)*, 853 F.2d 687, 690

(9th Cir. 1988), *In re Nucorp Energy, Inc.*, 764 F.2d 655, 658-59 (9th Cir. 1985), and *First Nat'l*

*Bank of Chicago v. Comm. Of Creditors Holding Unsecured Claims (In re Powerine Oil Co.),* 71

B.R. 767, 770 (9th Cir. BAP 1986).

Given the above, the Court has the authority to approve the above-described proposed

retainer draw-down and monthly payment procedures.  Accordingly, the Firm respectfully

requests the Court find that the proposed fee procedures in this case are appropriate.

### III.

### CONCLUSION

Based upon the foregoing, and the Minier Declaration attached hereto, the Debtor requests

that the Court authorize the Debtor to employ the Firm pursuant to 11 U.S.C. § 327 and Rule

2014 of the Federal Rules of Bankruptcy Procedure, including its members, associate attorneys

and attorneys of counsel, as its general insolvency counsel, according to the terms and conditions

of this Application, with compensation to be at the expense of the estate in such amount as the

Court may hereafter allow in accordance with the law, effective as of August 27, 2021.

Respectfully Submitted,

RINGSTAD & SANDERS LLP

Dated: September 3, 2021        By:    /s Christopher A. Minier
                                        Christopher A. Minier
                                        Proposed General Insolvency Counsel for World Service
                                        West / LA Inflight Service Company, LLC, Debtor and
                                        Debtor-in-Possession

1     **DECLARATION OF CHRISTOPHER A. MINIDER**

2   I, Christopher A. Minier, declare as follows:

3   1.  I am an individual over the age of 18 years and am competent to make this

4 declaration under oath.  The following matters are of my own personal knowledge and, if called

5 upon to do so, I could and would competently testify as to the truth of the matters set forth herein.

6   2.  I am attorney with Ringstad & Sanders LLP (the "Firm"), which is the proposed

7 general insolvency counsel for World Service West / LA Inflight Service Company, LLC the

8 debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor").

9   3.  The Debtor commenced the instant Chapter 11 proceeding on August 27, 2021(the

10 "Petition Date') in order to restructure its financial affairs, and to deal with its prepetition

11 unsecured liabilities over time under a plan of reorganization.  The Debtor has elected to proceed

12 under Subchapter V of Chapter 11.

13   4.  The Debtor seeks to employ Ringstad & Sanders LLP (the "Firm") to act as its

14 general insolvency counsel.  To that end, the Firm will perform the following tasks for the

15 Debtor:

16     a.  Advising and assisting the Debtor with respect to compliance with the

17  United States Trustee Chapter 11 Notices and Guides and revisions thereto;

18     b.  Advising the Debtor concerning the requirements of the Bankruptcy Code

19  and applicable rules as they affect the Debtor;

20     c.  Advising the Debtor regarding matters of bankruptcy law, including the

21  rights and remedies of the Debtor with regard to its assets and with respect to the claims of

22  creditors;

23     d.  Conferring with the Subchapter V trustee regarding the Debtor and its

24  financial affairs, the bankruptcy case, formulation and confirmation of a Chapter 11 plan

25  of reorganization, and such other matters as the Debtor and trustee deem necessary or

26  appropriate;

27 ///

28 ///

Ringstad & Sanders
— LLP —
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

Ringstad & Sanders
— LLP —
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949-851-1450

e.  Representing the Debtor in any proceedings or hearings in the Bankruptcy

Court and, subject to separate agreement, in any action in any other court where the

Debtor's rights under the Bankruptcy Code may be litigated or affected;

f.  Conducting examinations of witnesses, claimants, or adverse parties and

preparing and assisting in the preparation of reports, accounts, and pleadings related to

this case;

g.  Assisting the Debtor in the negotiation, formulation, confirmation, and

implementation of a Chapter 11 plan of reorganization; and,

h.  Taking such other action and performing such other services as the Debtor

may require of the Firm in connection with this Chapter 11 case.

5.  The Firm will not assert or evidence the Debtor's position on any matter affecting

the substantive rights of any party in interest without the express authorization of the Debtor,

except as emergency circumstances may require, in which case the Firm will attempt to contact

and confer with the Debtor.  However, the Firm will assert positions on procedural matters in its

discretion.

6.  The Firm is located in Newport Beach, California.  It is composed of attorneys

who specialize in insolvency, bankruptcy, and reorganizations, and is therefore well qualified to

represent the Debtor.  The Firm has significant bankruptcy experience, having represented many

chapter 11 debtors, unsecured creditors' committees, and creditors in the context of bankruptcy

cases, and handled numerous adversary proceedings.  A true and correct copy of the Firm's

professional resume is attached hereto as Exhibit "1".  All attorneys of the Firm who will appear

in this case are duly admitted to practice law in the courts of the State of California and in the

United States District Court for the Central District of California.

7.  Neither the Firm, nor any of the attorneys comprising or employed by it, have any

connection with the Debtor, their accountants, or other professionals, nor does the Firm have any

connection with the Debtor's outside creditors, or any other outside party in interest or its

respective attorneys or accountants, other than as set forth immediately below.  The Firm has

rendered pre-filing services to the Debtor, commencing in or about March 2021, with the Firm's

1    monthly invoices timely paid by the Debtor in the ordinary course as set forth at 11.1 of the

2    Statement of Financial of Affairs on file in this case describing the prepetition retainer payments

3    made by the Debtor to the Firm.  The Firm was not a creditor of the Debtor as of the Petition

4    Date.

5        8.    The Firm proposes to render services to the Debtor at the Firm's regular hourly

6    rates, which are subject to future adjustment following advance notice.  The following is a list of

7    the Firm's professionals that may provide services on this engagement:

| Attorneys | 2021 Rates |
|---|---|
| Todd C. Ringstad | $695.00 |
| Nanette D. Sanders | $695.00 |
| William N. Burd (Of Counsel) | $695.00 |
| Karen Sue Naylor | $595.00 |
| Christopher Minier | $550.00 |
| Ashley M. Teesdale | $495.00 |
| Legal Assistants/Law Clerks | |
| Becky Metzner | $195.00 |
| Arlene Martin | $150.00 |

18        9.    The Firm's regular practice of billing in increments of one-tenth of an hour will be

19    followed in this case.

20        10.    Compensation of the Firm is requested pursuant to 11 U.S.C. § 330 and the Firm

21    will only be entitled to an award of reasonable compensation as set forth in Section 330(a).

22        11.    The Firm has not agreed to share with any person or entity any compensation that

23    it may be awarded, except among members of the Firm.  The Firm understands that its

24    compensation is subject to approval of this Court and intends to apply in conformity with 11

25    U.S.C. § 331 for compensation and reimbursement of fees incurred and costs advanced as and

26    when appropriate.  The Firm will also file an appropriate application seeking final allowance of

27    all fees and costs, regardless of whether interim compensation has been paid.  The Firm

28    understands and agrees that if aggregate interim payments exceed the amount which is ultimately

Ringstad & Sanders
—— LLP ——
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

allowed, the Firm will promptly repay the difference to the estate, and the Firm has the ability to promptly repay any such amounts required.

12.    The Debtor provided the Firm a prepetition retainer of $35,000.00 on March 9, 2021; a prepetition retainer of $40,000.00 on August 6, 2021; and a prepetition retainer of $20,000.00 on August 25, 2021, for a total of $95,000.00. Prepetition draws were made in the total amount of $77,486.50, leaving a balance of $17,513.50 for post- petition services.   All retainers have been placed in a trust account to be maintained by the Firm.  A true and correct copy of the Firm's retainer agreement with the Debtor is attached hereto as Exhibit "2".  Pursuant to Section I.B. of the United States Trustee's *Guide to Applications for Retainers, and Professional and Insider Compensation*, the Firm requests authorization to draw the amount of its monthly invoices for fees and costs from the retainer funds on hand so long as no timely objection to payment has been filed by any party within 10 days after the Firm serves a Professional Fee Statement upon the Debtor, the United States Trustee, the Subchapter V trustee, the twenty largest unsecured creditors, and any parties requesting special notice.

13.    Following the depletion of the prepetition retainer provided by the Debtor, and in accordance with Local Bankruptcy Rule 2016-1(b), the Firm requests that the Debtor be authorized to pay to the Firm its monthly invoices for fees and costs on a current basis so long as there is no timely objection to such payment filed by any party after the Firm serves a monthly Professional Fee Statement, as described above.  Pursuant to Section 7 of the retainer agreement, the Debtor agreed to pay the Firm's fees and costs on a monthly basis upon the depletion of the retainer it funded prepetition, and in accordance with authorization of such payments by the Court.  In the retainer agreement, the Debtor further authorized the Firm to seek the approval of the Court for it to pay the Firm's fees and costs on a monthly basis as set forth above.  IO am informed and believe that there are no creditors of the Debtor that claim any interest in cash collateral.

14.     The Firm agrees to file periodic interim applications for approval of its fees and costs.  All amounts drawn by the Firm against the retainer, or paid by the Debtor to the Firm upon the depletion of the retainer, will be subject to disgorgement if such amounts are not ultimately

Ringstad & Sanders
L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

1   allowed by the Court pursuant to interim and final fee applications filed pursuant to sections 330

2   and 331 of the Bankruptcy Code.

3       15.     The Firm and each of its professionals are "disinterested persons" as that term is

4   defined by the Bankruptcy Code.  Neither the Firm nor any of its professionals is a creditor,

5   equity security holder, or insider of the Debtor, is or was a director, officer, member, or employee

6   of the Debtor, or has any interest materially adverse to the interests of the estate or any class of

7   creditors or equity security holders.

8       16.     Neither the Firm nor any of its professionals hold or represent any interest that

9   would either tend lessen the value of the bankruptcy estate or would create an actual or potential

10  dispute with the estate.  Further, neither the Firm nor any of its professionals possess a

11  predisposition that creates any bias against the estate.  Therefore, the Firm does not hold or

12  represent any adverse interest in connection with this case.

13      I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct to the best of my knowledge.  Executed this 3rd day of September,

15  2021, at Newport Beach, California

16

17              _/s/ Christopher A. Minier_
              Christopher A. Minier
18

19

20

21

22

23

24

25

26

27

28



## Firm Profile – Ringstad & Sanders LLP

In October 2005, two seasoned bankruptcy practitioners – Todd C. Ringstad and Nanette D. Sanders - combined their respective practices, so as to continue effectively providing the highest quality legal services to their clients.  These clients include debtors, creditors, trustees and other parties involved in all types of bankruptcy proceedings and related litigation, whether before the Bankruptcy Court, Federal or State courts.  The Firm has been selected by *U.S. News & World Report* as one of Southern California's Best Law Firms in the field of bankruptcy.

As set forth in the attached resumes, between the two, Mr. Ringstad and Ms. Sanders bring more than six decades of bankruptcy and litigation related experience to the Firm. Given this extensive experience, the Firm is well qualified to represent, by way of example, the interests of Chapter 11 debtors, secured and unsecured creditors in both Chapter 11 and 7 proceedings, creditors' committees, Chapter 11 and 7 trustees, including examiners and other court-appointed professionals, landlords, reclamation claimants and other creditors.

In April 2018, two well respected members of the bankruptcy bar joined the Firm – Karen Sue Naylor and William M. Burd (of counsel).  With the addition of these two practitioners, the Firm added depth and experience to its Chapter 7 trustee, Chapter 11 and Chapter 7 practices.

The Firm's recent significant engagements include:

- Representation of Karen Sue Naylor, Chapter 7 Trustee in *In re Anna's Linens, Inc.* (Chapter 7 liquidation)
- Representation of Official Committee of Unsecured Creditors in *In re Crystal Cathedral Ministries* (confirmed chapter 11 plan by Official Committee)
- Counsel for debtor in possession in *In re Dynamic Builders, Inc.* (confirmed chapter 11 plan)
- Represented County of San Bernardino in *In re Molycorp, Inc.* (Bankruptcy Court, Delaware)
- Represented venture capital group with large claim in *In re Traffic Control & Safety Corp.* (Bankruptcy Court, Delaware)
- Counsel for debtor in possession in *In re Arcadia Restaurant Ventures LLC* (confirmed chapter 11 plan)

- Represented secured creditor in *In re The Olympic on Grand LLC* (confirmed chapter 11 plan for client secured creditor)
- Represented trade creditor with largest unsecured claim and chair of Official Committee of Unsecured Creditors in *In re Flying J, Inc.* (Bankruptcy Court, Delaware)
- Counsel for debtor in possession in *In re Cole Equipment, Inc.* (confirmed chapter 11 plan)
- Represented unsecured creditor with large claim in *In re SemCrude, L.P.* (Bankruptcy Court, Delaware)
- Counsel for debtor in possession in *In re EM Thomas Management, Inc.* (confirmed chapter 11 plan)
- Represented American Airlines in *In re Diversity MSP, Inc.*
- Represented landlord in *In re Orchard Supply Hardware* (Bankruptcy Court, Delaware)
- Counsel for debtor in possession in *In re Cyber Pro Systems Inc.* (confirmed chapter 11 plan)
- Represented landlord in *In re Tri-Valley Corporation* (Bankruptcy Court, Delaware)
- Counsel for debtor in possession in *In re Desert Restaurant Ventures LLC* (confirmed chapter 11 plan)
- Counsel for debtor in possession in *In re Mace Group, Inc.* (confirmed chapter 11 plan)
- Counsel for debtor in possession in *In re Rancho Las Flores* (obtained $10,000,000 settlement payment to debtor in possession from lender and case dismissed)
- Counsel for debtor in possession in *In re Jade Bay Mobile Lodge Inc.* (confirmed chapter 11 plan)
- Counsel for debtor in possession in *In re MRF Carbon Canyon L.P.* (confirmed chapter 11 plan)

## Todd C. Ringstad

Todd C. Ringstad was born in San Bernardino, California in 1954. He received his undergraduate degree from the University of California at Riverside in 1976. In 1980, he received his Juris Doctor from the UCLA School of Law, where he was awarded the Order of the Coif, an honor which is bestowed upon the top 10% of the graduating class. Upon graduation from law school, Mr. Ringstad served for one year as law clerk to the Honorable Mack Easley, Chief Justice of the New Mexico Supreme Court.

Throughout his career, Mr. Ringstad has specialized in the representation of debtors, creditors, trustees and creditor committees in bankruptcy cases, and has established a reputation as one of Southern California's leading bankruptcy practitioners. Because of his considerable trial experience, he is often called upon to lecture on bankruptcy trial procedure and tactics. He has appeared in Bankruptcy Courts throughout California and in Delaware, New York, Texas and Nevada, and before the Bankruptcy Appellate Panel, the United States District Court and the Ninth Circuit Court of Appeals.

Mr. Ringstad has been selected as a *SuperLawyer*, representing the top 5% of practicing attorneys in Southern California based on peer recognition and professional achievement. Mr. Ringstad holds an "AV" Preeminent Peer Rating, Martindale-Hubbell's highest peer recognition for legal ability and ethical standards. He is the 2017 recipient of the Honorable Peter M. Elliott Memorial Award for outstanding scholarship, ethics, and service to the Orange County bankruptcy community, awarded jointly by the Orange County Bankruptcy Forum and the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

Mr. Ringstad served as Chairperson of the Commercial Law and Bankruptcy Section of the Orange County Bar Association in 1986; and as Program Chair of the Commercial Law and Bankruptcy Section in 1985. He served as a member of the Special Projects Committee for the Orange County Bankruptcy Forum from 1988 through 1993. He is a Master in the Peter M. Elliott Inn of Court.

Mr. Ringstad has taught and lectured extensively on bankruptcy law, trial tactics and legal ethics. The seminars in which he has participated as a lecturer or instructor include:

"Recent Developments in Chapter 11," OCBA Commercial Law & Bankruptcy Section, 2014

"Objection Your Honor – A Workshop on Evidentiary Issues in Bankruptcy Cases," Orange County Bankruptcy Forum, 2013

"Representing Non-Profits in Bankruptcy Proceedings & Lessons from the Crystal Cathedral Case," OCBA Commercial Law & Bankruptcy Section, 2013

"It's All In the Numbers – A Seminar Regarding Major Financial Issues in Chapter 11 Cases," Orange County Bankruptcy Forum, 2012

"CCIM Real Estate Bankruptcy Seminar," CCIM Institute, 2009

"Bankruptcy Basics for Business Litigators," OCBA Business Litigation Section, 2009

Guest Lecturer, "Litigation Strategies and Tactics in Bankruptcy Cases," Chapman University School of Law "Advanced Bankruptcy class," 2002

"Bridging the Gap: Orientation to Federal Practice," Federal Bar Association, 2000-2004

"Bankruptcy Litigation:  A Workshop in Trial Strategy and Technique," Orange County Bankruptcy Forum, 1995

"Handling a Chapter 11 Reorganization the Right Way, Adopting the Expert's System," CEB 1994

"Bankruptcy Reorganizations (Chapter 11): Effective Strategies for Pacesetting Attorneys Representing Debtors and Creditors," CEB 1993

"Chapter 11 Plan Confirmation Hearing-Mock Trial," California Bankruptcy Forum Annual Conference, 1991

"A Bankruptcy Trial Workshop," Orange County Bankruptcy Forum, 1989

"Pre-Trial Preparation in Bankruptcy Adversary Proceedings," Orange County Bankruptcy Forum, 1988

"Creditor's Remedies and Debtor's Rights," California Continuing Education of the Bar (CEB), 1986, 1988

"Bankruptcy Practice for Paralegals," University of California, Riverside Extension. 1986


Articles and publications include:

"Bankruptcy 101: The Basics for Non-Bankruptcy Practitioners", *Orange County Lawyer,* Jan. 2010.

## Nanette D. Sanders

Nanette D. Sanders received a bachelor of science in Accounting from California State Polytechnic University in 1981. She received her Juris Doctor degree from Loyola Law School in 1985.

Throughout her career she has specialized in commercial bankruptcy, representing debtors, secured and unsecured creditors, trustees and creditors' committees, debtors in pre-bankruptcy workout negotiations, chapter 11 reorganizations, chapter 7 liquidations and related litigation. She has been recognized by *SuperLawyers* and *Best Lawyers in America* as one of the leading practitioners of commercial bankruptcy law in Southern California.

Ms. Sanders is a member of the American Bankruptcy Institute, Orange County Bar Association, Commercial Law and Bankruptcy Section, and the Orange County Bankruptcy Forum, where she served as a Member Board of Directors (1990-1993) and member of the Projects Committee (1988-1994). Ms. Sanders served as an Attorney Representative for the Ninth Circuit Judicial Conference from 2000-2002, and as an *ex officio* member in 2003. She served as a Member of the Board of Directors of the Association of Business Trial Lawyers, Orange County Chapter (2001-2005,) and as a Member of the Standing Committee on Discipline, Central District of California (2005-2012). She served as a Member of the Editorial Board for the California Bankruptcy Journal from 1988-1991. Ms. Sanders has also served as an Instructor of the University of California Extension Continuing Education for Legal Assistants Program (CELA).

Ms. Sanders' recent significant engagements include:

Lead counsel for the Chapter 7 Trustee in *In re Anna's Linens, Inc.*
Lead counsel for Official Committee of Unsecured Creditors in *In re Crystal Cathedral Ministries* (confirmed chapter 11 plan by Official Committee).
Lead counsel for debtor in possession in *In re Dynamic Builders, Inc.* (confirmed chapter 11 plan).
Lead counsel for debtor in possession in *In re Jade Bay Mobile Lodge, Inc.*
Lead counsel for Official Committee of Unsecured Creditors in *In re Engine Electronics, Inc.*
Lead counsel for Official Committee of Unsecured Creditors in *In re Intellisec, Inc.*
Lead counsel for take out lender in *In re Pacific Islandia* (Sheraton Anaheim Hotel).
Representation of Assignee for the benefit of Creditors in *In re Verteq, Inc.*
Trial counsel for Los Angeles and Orange County chapter 7 trustees in successfully objecting to discharge and pursuing breach of fiduciary claims against debtors and principals of debtors.
Lead counsel for the Official Committee of Unsecured Creditors in *In re Thermatrix, Inc.* (five jointly administered Chapter 11 debtors).
Lead counsel for twelve landlords in the Econo Lube 'N Tune Chapter 11 proceeding.

Lead counsel for six municipal agencies in the County of Orange Chapter 9 bankruptcy proceeding.

Lead counsel, Official Committee of Unsecured Creditors in *In re Lansdale & Carr* (4-Day Tire Stores).

Lead counsel, Official committee of Unsecured Creditors in successful $70 million Chapter 11 case involving multiple resort and golf course properties in Southern California, *In re Regency Properties L.P. and Golf Ventures*, obtained 100% distribution to trade debt.

Lead counsel, Official committee of Unsecured Creditors in $50 million Chapter 11 case involving a luxury hotel in southern California, *In re Westwood Marquis Hotel* resulting in 100% distribution to trade debt.

COURT ADMISSIONS

Supreme Court of California
United States District Courts, Central, Northern and Southern Districts of California
United States Court of Appeals (Ninth Circuit)

## Karen Sue Naylor

Karen Sue Naylor was admitted to the California bar, U. S. District Court, Central and Eastern Districts of California and U. S. Court of Appeals, Ninth Circuit, in 1989.  She attended the University of Southern California (B.S., Cum Laude, 1986) and Loyola Law School, Los Angeles, (J.D. 1989), where she authored  *Equal Time Equals Unequal Treatment to Newscaster Candidates*, 9 Loy. L.A. L.J. 283: (1989), and received the American Jurisprudence Award - Federal Taxation I.  Ms. Naylor clerked for the Honorable William P. Gray, U.S. District Court, Central District of California, and is AV Rated in *Martindale- Hubbell*.

Ms. Naylor was appointed to the Trustee Panel in 1998 for the United States Bankruptcy Court, Central District of California, where she has been appointed Chapter 11 Trustee, Chapter 7 Trustee, Chapter 11 Examiner and Chapter 11 Plan Agent in a multitude of cases.   Representative appointments include Chapter 7 Trustee for Anna's Linens, Inc., Chapter 11 Plan Agent for Crystal Cathedral Ministries, Inc. and Chapter 11 Trustee of operating case of El Toro Materials, Inc., which operated successfully for seven years until all issues were resolved and case was dismissed.

An active panelist and speaker, Ms. Naylor has presented before the Central District Judge's Conference (2007); the National United States Trustee Conference and Region 16 Trustee Conference on numerous occasions; the Orange County Bankruptcy Forum and Orange County Bar Association, Commercial Law and Bankruptcy Section, on several occasions; and participated as a Guest Lecturer before Bankruptcy Class at Chapman Law School and several Bankruptcy Paralegal Classes.

COURT ADMISSIONS

Supreme Court of California
United States District Courts, Central, Northern and Southern Districts of California

PROFESSIONAL MEMBERSHIPS

State Bar of California
American Bankruptcy Institute
National Association of Bankruptcy Trustees
Orange County Bar Association (Commercial Law & Bankruptcy Section - Member of Board of Directors, 1995-1997, Section President/Chairperson, 1995, Program Chairperson, 1994)
Orange County Bankruptcy Forum (Special Projects Committee, 1993-1995).

## Christopher A. Minier

| | |
|---|---|
| BAR STANDING: | The State Bar of California, 1997, United States District Court (Central, Northern and Southern Districts of California), United States Court of Appeals (Ninth Circuit) |
| BAR ACTIVITIES & LEGAL ASSOCIATIONS: | Member Orange County Bar Association (member, Commercial Law & Bankruptcy Section, Creditors' Rights Section); Orange County Bankruptcy Forum (member of board of directors (2008 – 2015), President 2014-2015, March 11, 1999, Panelist "Latest Developments in Chapter 7 Representation," and June 11, 2011 Panelist "Bankruptcy Fundamentals: A Practical Overview and Useful Tips;" and Peter M. Elliott Inn of Court, Barrister |
| EDUCATION: | University of San Diego School of Law (J.D., *cum laude*, 1997)(Class Rank:  38/325)

Whittier College (B.A., *cum laude*, Business Administration, 1993). |
| AREA OF PRACTICE: | The representation of debtors-in-possession, creditors and trustees in cases under the Bankruptcy Code, and related litigation.  Bankruptcy appellate practice. |
| PERSONAL HISTORY: | Mr. Minier has been practicing law since 1997.  Prior to joining Ringstad & Sanders, LLP (*fka* the Law Offices of Todd C. Ringstad), Mr. Minier was an associate at Bohm, Francis, Kegel & Aguilera, LLP, where he specialized in bankruptcy, insolvency, business reorganizations, creditors' rights, trustee representations, bankruptcy litigation, as well as general business/commercial litigation and appellate practice. |
| PERSONAL: | Born Greenfield, Indiana, 1969 |

## Ashley M. Teesdale

Ashley M. Teesdale practices insolvency law and business litigation. Ms. Teesdale's experience includes representing debtors, trustees, and creditors in Chapter 7 and 11 cases and related litigation, including adversary proceedings regarding objection to discharge, non-dischargeability, and preferential and fraudulent transfer actions. served a two-and-a-half year term as a judicial law clerk to the Honorable Scott C. Clarkson, United States Bankruptcy Judge for the Central District of California also served as a full time volunteer law clerk for the Honorable Mark S. Wallace, United States Bankruptcy Judge for the Central District of California.

Ms. Teesdale earned her juris doctorate degree in 2012 from American University Washington College of Law, where she was a Note and Comment Editor for the Business Law Review and a Line Editor for the Criminal Law Brief. She graduated from Dickinson College in 2009 with a Bachelor of Arts in English and minors in mathematics and Spanish. Ms. Teesdale was admitted to practice law in California in 2013 and is admitted to the United States District Courts for the Central, Eastern, and Northern Districts of California. She is a member of the American Bankruptcy Institute, Orange County Bar Association, Commercial Law and Bankruptcy Section, and the Orange County Bankruptcy Forum, where she currently serves as a Member of the Board of Directors.

COURT ADMISSION
Supreme Court of California
United States District Courts for the Central, Eastern, and Northern Districts of California.

SPEAKING AND EDUCATIONAL ACTIVITIES
Co-Program Chair & Moderator, *The Harried and Hassled Attorney: Combating Stress Through Understanding Brain Science, Embracing Adversity and Other Strategies*, Orange County Bankruptcy Forum
Co-Program Chair, *Judges' Night: A Virtual Roundtable Discussion*, Orange County Bankruptcy Forum

## William M. Burd (of counsel)

William M. Burd was admitted to the California bar in 1979, and is admitted to practice before the U.S. Supreme Court, the U. S. Court of Appeals for the Ninth Circuit, and the U.S. District Court, Central, Northern, Southern, and Eastern Districts of California. Prior to attending college, Mr. Burd served in the United States Marine Corps from 1966 to 1970.  He received a bachelor of arts degree in English from UCLA in 1975 and a juris doctor from Loyola University School of Law in 1979.

For forty years, Mr. Burd's practice has focused exclusively on bankruptcy and bankruptcy litigation.  He served on the Panel of Mediators, United States Bankruptcy Court, Central District of California from 1998 to 2018.  He served as an adjunct professor of bankruptcy law at Chapman University School of Law from 2000 to 2002. He was certified in Business Bankruptcy Law by the American Board of Certification from 1995 to 2019, AV rated in *Martindale-Hubbell* since 1990, and listed in *Southern California Super Lawyers* every year since 2007.  He is the 2001 recipient of the Honorable Peter M. Elliott Memorial Award for outstanding scholarship, ethics, and service to the Orange County bankruptcy community, awarded jointly by the Orange County Bankruptcy Forum and the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

He is the co-author of *Representing Chapter 7 Debtors In A Residential Bull Market: A View From The Trenches*, 27 Cal. Bankr. J. No. 4, 420 (2005), and is a frequent panelist and speaker at seminars sponsored by California Continuing Education of the Bar, The Rutter Group, Professional Education Seminars, Inc., California Bankruptcy Forum, Orange County Bankruptcy Forum and Orange County Bar Association.

REPORTED CASES

*Orange Blossom Limited Partnership et al v. Southern California Sunbelt Developers, Inc. (In re Southern California Sunbelt Developers, Inc.)* 608 F.3d 456 (9th Cir. 2010)

*Zimmerman v. Spencer (In re Spencer)* 306 B.R. 328 (Bankr. C.D. Cal  2004)

*Onink v. Cardelucci (In re Cardelucci),* 285 F.3d 1231 (9th Cir. 2002)

*Krasnoff v. Marshack,* 258 B.R. 181 (BAP 9th Cir. 2001)

*National Environmental Waste Corporation v. Stephens, Berg & Lasater,* 200 F.3d 1266 (9th Cir. 2000)
*In re National Environmental Waste Corporation*, 191 B.R. 832 (Bankr. C.D.Cal. 1996)

*Cheyenne Mountain Bank v. Duncan*, 123 B.R. 383 (Bankr. C.D.Cal 1991)

*Kroh v. TRM Mfg.*, 102 B.R. 190 (BAP. 9th Cir. 1989)

*Sansone v. Walsworth*, 99 B.R. 981 (Bankr C.D.Cal. 1989);

*FDIC v. Wenberg*, 94 B.R. 631 (BAP. 9th Cir. 1988).


MEMBERSHIPS
State Bar of California
American Bankruptcy Institute

## PARALEGALS/LEGAL SECRETARIES

---

**BECKY METZNER –** Education:  Saddleback College, Mission Viejo, California (AA Decree); courses through UC Irvine Paralegal Program.  Work Experience:  McKittrick, Jackson, DeMarco & Peckenpaugh - 1980-1987; Lobel, Winthrop & Broker – 1987–1995; Law Offices of Todd C. Ringstad – 1995 – 2005; Ringstad & Sanders LLP – 2005 to present.  Member: National Notary Association.  Ms. Metzner currently performs paralegal, legal secretarial and billing services for Ringstad & Sanders.

**ALANE C. CANZONE** -  Education: Vanguard University, Costa Mesa, California (B.A., Magna Cum Laude, in Business Organizational Management); Coastline Community College, Costa Mesa, California (Paralegal Certificate in ABA approved program); South Coast College of Court Reporting, Anaheim, California (court reporting courses); Cypress College, Cypress, California (A.A. Degree and GED Certificate). Work Experience: Mercury Savings & Loan - 1986-1988; Union Safe Deposit Bank - 1988-1991; Prime Products - 1991-2002; Burd & Naylor - 2002 to 2018; Ringstad & Sanders LLP – 2018 to present.  Member: Orange County Paralegal Association; National Association of Bankruptcy Trustees; National Notary Association.  Ms. Canzone is the Trustee Administrator and paralegal for the Trustee department.

**ARLENE MARTIN –** Education: Skyline College, San Bruno, California (A.A. Degree); Litigation and Legal Secretary Course, Orange County Chapter, Association of Legal Administrators, Irvine, California;  Work Experience:  Cooley Godward LLP – 2001 to 2004; Buchalter Nemer 2004 to 2006; Ringstad & Sanders LLP – 2006 to present.



**TODD C. RINGSTAD**
TODD@RINGSTADLAW.COM

July 22, 2021

Via Email: syoon.wsw@outlook.com
World Service West/LA Inflight
Service Company, LLC
Attention: Steven Yoon, Chairman
1812 W. 135th Street
Gardena, CA 90249

## ATTORNEY-CLIENT FEE AGREEMENT

Dear Mr. Yoon:

The following confirms the terms and conditions on which Ringstad & Sanders LLP (the "Firm") will provide legal services to World Service West/LA Inflight Service Company, LLC ("WSW" or "Client") in connection with the preparation of and filing of a Chapter 11 bankruptcy proceeding for Client and the representation of Client in that proceeding. A written agreement such as the one set herein is required by California Business and Professions Code §6148 for most attorney engagements and helps to minimize the possibility of any misunderstanding between the Firm and its clients. This Attorney-Fee Agreement amends and replaces any prior fee agreements between the Firm and Client.

Please read with care the terms and conditions on which the Firm is willing to agree to act as counsel to World Service West and to represent its interests. If the terms and conditions are acceptable to you, please sign this document where indicated below and return it to the undersigned. By executing this document, you, on behalf of WSW, are entering into a contract that is binding on both the Firm and World Service West. The purpose of this document is to set forth the scope of our engagement as legal counsel, to confirm that we are in mutual agreement about the scope of our engagement, to set forth the financial arrangements of our engagement, and to verify your approval of these financial arrangements.

The terms and conditions of this agreement for legal services are:

1.    **PARTIES TO THE AGREEMENT.** The parties to this Attorney-Client Fee Agreement (the "Agreement") are Ringstad & Sanders LLP (the "Firm") and World Service West/La Inflight Service Company, LLC (referred to hereinafter as "Client" or "you").

2.    **CONDITIONS AND EFFECTIVE DATE.** This agreement will not take effect, and the Firm will have no obligation to provide any legal services or perform any work for Client, until Client returns a signed copy of this Agreement and pays the legal fees required below. Once

   4343 VON KARMAN AVENUE, SUITE 300       NEWPORT BEACH, CA 92660       TEL: 949/851-7450
                                                                       FAX: 949/851-6926

World Service West/LA Inflight
Service Company, LLC
July 22, 2021
Page 2

these conditions are satisfied, its effective date will be retroactive to the date the Firm first performed services. The date at the beginning of this agreement is for reference only. Even if this agreement does not take effect, Client will be obliged to pay us the reasonable value of any services the Firm may have performed for Client.

3.    **SCOPE OF ENGAGEMENT AND SERVICES.** Client is hiring the Firm to represent Client as its general insolvency counsel in a voluntary Chapter 11 bankruptcy proceeding. The Firm will provide those legal services reasonably required to represent Client, including: keeping Client informed of progress and to respond to Client's inquiries; counseling Client regarding the rights and duties of a "debtor-in-possession"; reviewing and seeking court approval of any proposed transactions by the debtor which are not in the ordinary course of business; and defending the debtor against any motions or adversary proceedings brought against it. The Firm's employment as general insolvency counsel to Client does not include appearances before any court or agency, other than the Bankruptcy Court and the Office of the United States Trustee, or the providing of advice outside the area of insolvency law, such as corporate claw, partnership law, consumer protection, taxation, securities, torts, environmental law, labor law, criminal law, administrative law, suretyship, or real estate law. Client acknowledges that the Firm will not provide advice as to any insurance coverage that may be available or applicable for any claims by or against Client, and that Client is specifically advised to seek qualified counsel for such matters. Unless Client and the Firm make a different agreement in writing, this agreement will govern all future services the Firm may perform to Client. Once a bankruptcy petition has been filed for Client, the Firm will provide continuing legal representation to Client as authorized by the Bankruptcy Court and in accordance with the terms set forth herein, except to the extent that those terms are modified by any ruling or order of the Bankruptcy Court or modified by further agreement between Client and the Firm. The Firm will take reasonable steps to keep you informed of our progress and to respond to your inquiries. Unless you and we make a different agreement in writing, this agreement will govern all future services we may perform to Client.

4.    **RETENTION OF LAW FIRM.** Client is retaining a law firm, not any particular attorney, and the attorney services to be provided to Client will not necessarily be performed by any particular attorney.

5.    **AUTHORIZED REPRESENTATIVE OF CLIENT.** Client designates Steven Yoon and Charlie Yoon as the authorized representatives to direct the Firm and to be the primary person to communicate with the Firm regarding the subject matter of the Firm's representation of Client under this agreement. The Firm is authorized to follow the instructions of and take direction from either Steven Yoon or Charlie Yoon, individually and is not required to obtain consent of both before taking direction from either person. This designation is intended to establish a clear line of authority and to minimize potential uncertainty, but not intended to preclude communications between the Firm and other representatives of Client. Client represents to the Firm that it has obtained any and all consent and authorizations necessary from its co-managing members or board of directors required for the commencement of its Chapter 11 bankruptcy case.



World Service West/LA Inflight
Service Company, LLC
July 22, 2021
Page 3

6.    **DUTIES OF CLIENT.** The Client agrees to abide by this agreement, to pay the Firm's bills on time, be truthful, candid, and cooperative with the Firm, and will keep the Firm informed with complete and accurate factual information, documents, and other communications relevant to the subject matter of the Firm's representation or as otherwise reasonably requested by the Firm. Client will also assist the Firm by making the necessary personal, business, and strategic decisions appropriate to enable the Firm to accomplish the legal services which the Firm has agreed to perform under the terms of this agreement.

The Firm must be able to communicate with Client at all times in order to be able to completely render the legal services provided for under the terms of this agreement. Therefore, Client agrees to inform the Firm, in writing, of any changes in Client's address, telephone, facsimile numbers, and e-mail addresses, or any relevant changes regarding the Firm's ability to communicate with Client. If the Firm is not able to effectively communicate with Client, the Firm cannot either properly perform or represent the Client's legal interests with respect to the legal services called for under this agreement.

7.    **RETAINER.** The Firm requires a retainer of $60,000 (the "Ch. 11 Retainer") prior to the filing of the Chapter 11 petition, which funds will be deposited in and held in the Firm's Trust Account. All funds on deposit with the Firm will be applied as a credit toward the Ch. 11 Retainer and Client will be required to supplement those funds to provide the Firm with a retainer balance of $60,000 prior to the filing of the Chapter 11 petition. Client authorizes and requests that the Firm draw from such funds all amounts necessary to pay in full all fees and costs incurred prior to the filing of the Chapter 11 petition.

**Monthly Payment of Invoices.** Client requests that the Firm seek authorization of the Bankruptcy Court to apply the Ch. 11 Retainer to fees and costs as they are incurred on a monthly basis following the commencement of the Chapter 11 case. Client requests that the Firm seek authorization of the Bankruptcy Court to allow client to pay, upon exhaustion of the Chapter 11 Retainer, fees and costs incurred by the Firm on a monthly basis. Client agrees to abide by any terms of payment of the Firm's fees as authorized by the Bankruptcy Court and any orders entered in the Bankruptcy Case.

If, at the termination of services under this agreement, the total amount incurred by Client for attorney fees and costs is less than the amount of all retainers deposited and payments received from Client, the difference will be refunded to Client.

8.    **LEGAL FEES AND BILLING PRACTICES.** Client agrees to pay by the hour at the Firm's prevailing rates for time spent on Client's matter by the Firm's legal personnel. The Firm's current hourly rates for legal personnel (and other billing rates) are set forth on the attached Rate Schedule. The Firm will charge in increments of one-tenth of an hour, rounded off



World Service West/LA Inflight
Service Company, LLC
July 22, 2021
Page 4

for each particular activity to the next highest one-tenth of an hour. The minimum time charged for any particular activity will be one-tenth of an hour.

The Firm will charge for all activities undertaken in providing legal services to Client under this agreement including, but not limited to, the following: conferences, court sessions, and depositions; correspondence and legal documents; legal research; telephone calls relating to Client's matter, including calls to client, opposing counsel or court personnel; waiting time in court and elsewhere; and for travel time, both local and out of town.

The Firm's hourly rates are adjusted from time to time and may change during the course of this agreement. However, the Firm will not change any of the rates set forth above without first providing Client at least 10 days' written notice of the proposed changes.

Client acknowledges that the Firm has made no promises about the total amount of attorney fees to be incurred by Client under this agreement.

9.    **LIEN.** You hereby grant us a lien on the Retainer, or any additional retainers made in accordance with the terms hereof to secure payment of fees and costs incurred on your behalf. By signing and returning this fee agreement to the Firm, Client grants the firm a lien on the Retainer, or any additional Retainers made in accordance with the terms hereof to secure payment of fees and costs incurred on Client's behalf.  Client acknowledges that Client has been advised to seek independent legal advice about granting the Firm this lien and has had a reasonable opportunity to do so.  By signing this fee agreement and returning it to the Firm, Client represents that Client has either obtained legal advice about this lien or has decided that it was unnecessary to do so.

10.    **CERTAIN CLIENT CONSIDERATIONS, ISSUES AND CONCERNS.**  Except as may be set forth in a separate written agreement between the Firm and such other persons, the Firm will not be representing or providing legal counsel or advice to or for the benefit of the principals, managers, members, director, officers, employees or agents of the Client, including any persons or entities that own or control, or are owned or controlled by, or are under common ownership or control with, the Client.  If any such persons or entities have questions regarding the Client, this engagement, the potential bankruptcy case, any related rights, interests, obligations, claims or litigation, or any other legal matter, then they should consult with their own independent legal counsel.

The Firm represented itself (and not the Client) in negotiating the terms of this engagement and in preparing this letter and legal services agreement.  The Client should therefore carefully review this letter and consider obtaining independent legal counsel from another source regarding these documents and the terms of this engagement before executing and returning the documents.



World Service West/LA Inflight
Service Company, LLC
July 22, 2021
Page 5

11.    **DISCHARGE AND WITHDRAWAL.** You may discharge us at any time. We may withdraw with your consent or for good cause. Good cause includes your breach of this agreement, including but not limited to any failure to pay in strict accordance with the terms set forth herein, your refusal to cooperate with us or to follow our advice on a material matter or any fact or circumstance that would render our continuing representation unlawful or unethical.

When our services conclude, all unpaid charges will immediately become due and payable. After our services conclude, we will upon your request, deliver your file to you, along with any property of yours in our possession.

12.    **DISCLAIMER OF GUARANTY.** Although the Firm may offer an opinion about possible results regarding the subject matter of this agreement, the Firm cannot guarantee any particular result. Client acknowledges that the Firm has made no promises about the outcome and that any opinion offered by the Firm in the future will not constitute a guaranty. The Firm's comments about the outcome of Client's matter are expressions of opinion only.

13.    **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

14.    **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

15.    **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

16.    **DOCUMENT RETENTION POLICY.** At the termination of services under this agreement, the Firm will release promptly to Client on request all of Client's paper and property. After two (2) years have passed since the termination of services under this agreement, the Firm may dispose of Client's papers and property. If Client desires to have the Firm retain Client's papers and property beyond two (2) years after the termination of services, Client must make separate arrangements with the Firm.

17.    **ARBITRATION.** All disputes, claims and controversies, excluding fees, but including and not limited to all other matters including malpractice, breach of fiduciary duty, breach of contract, negligence or other tort (intentional or unintentional) and/or declaratory or other equitable relief arising under or concerning the performance of this Agreement shall be submitted to binding arbitration pursuant to the provisions of California Code of Civil Procedure 1282 through 1284.2, inclusive, before one (1) retired California judge or justice selected by agreement of the parties, or from the Business Civil Litigation Panel of Attorneys published by the Administrator for Orange County Arbitration. If we cannot agree upon an arbitrator within



World Service West/LA Inflight
Service Company, LLC
July 22, 2021
Page 6

ten days after any party demands arbitration, then JAMS/ENDISPUTE shall provide the names of three available retired judges on its staff and each party shall be entitled to strike one name. The remaining judge shall be the selected arbitrator.  If either side refuses to strike an arbitrator within ten days from the service of the names of the arbitrators, then JAMS/ENDISPUTE shall decide which of the remaining two shall be selected.  The findings or award of the arbitrator may thereafter be entered as a judgment upon petition to the Orange County Superior Court.  It shall be a condition precedent to the subject matter jurisdiction of any court of the State of California that any such disputes, controversies and actions arising out of this agreement or of any services performed as a result of this agreement, including, without limitation, the scope and extent of the issues to be arbitrated, shall first have been determined by arbitration.  You understand and agree that by consenting to arbitrate all disputes and controversies, including any alleged malpractice, you agree to waive trial by jury.

18.    **INTEREST.**  The Firm is entitled to charge 10% per annum interest on unpaid monthly invoice balances or on fees and costs awarded and ordered paid by the Court, but which remain unpaid.  In fee application cases, interest begins accruing on the first day of the month following the date upon which a fee order becomes effective if payment is not received by then, either from retainer funds or from other funds of the debtor.

19.    **GOVERNING LAW.**  This agreement is governed by, and must be interpreted under, California law, and any court proceedings related to this agreement must be instituted in the County of Orange, State of California.

[Continued on next page for signatures.]



World Service West/LA Inflight
Service Company, LLC
July 22, 2021
Page 7

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND
AGREE TO THEM AS OF THE DATE RINGSTAD & SANDERS LLP FIRST PROVIDED
SERVICES.

Dated: July 27, 2021          **WORLD SERVICE WEST/LA INFLIGHT
                              SERVICE COMPANY, LLC**

                              By: _____
                                  Steven Yoon
                                  Member, Chairman

Dated: July 22, 2021          **RINGSTAD & SANDERS LLP**

                              By: _____
                                  Todd C. Ringstad

World Service West/LA Inflight
Service Company, LLC
July 22, 2021
Page 8

## RATE SCHEDULE

### Attorneys (hourly)

| | |
|---|---|
| Todd C. Ringstad | $695.00 |
| Nanette D. Sanders | $695.00 |
| William M. Burd (Of Counsel) | $695.00 |
| Karen Sue Naylor | $595.00 |
| Christopher A. Minier | $550.00 |
| Ashley M. Teesdale | $495.00 |

### Legal Assistants (hourly)

| | |
|---|---|
| Becky Metzner | $195.00 |
| Arlene Martin | $150.00 |

### Costs

Faxing - $1.00 per page (sending)
Faxing - $.20 per page (receiving)
Photocopy - $.20 per page
Auto travel mileage - $.56 per mile
Long Distance telephone charges
Messenger Fees
Overnight Mail
Postage



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4343 Von Karman Avenue, Suite 300, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION TO EMPLOY RINGSTAD & SANDERS LLP AS GENERAL INSOLVENCY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER A. MINER IN SUPPORT THEREOF** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 3, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **Moriah Douglas Flahaut (TR)**    douglas.flahaut@arentfox.com, C194@ecfcbis.com
- **Jolene E Kramer**    jkramer@unioncounsel.net, jkramer@unioncounsel.net
- **Christopher Minier**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 3, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**: Honorable Sheri Bluebond, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Suite 1534, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 3, 2021 | Becky Metzner | /s/ Becky Metzner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.