**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
ERYK R. ESCOBAR, State Bar No. 281904
TRIAL ATTORNEY
**OFFICE OF THE UNITED STATES TRUSTEE**
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
Telephone No. (202) 934-4168
Facsimile No. (213) 894-2603
Email: eryk.r.escobar@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**WORLD SERVICE WEST/LA INFLIGHT SERVICE COMPANY, LLC**,<br><br>Debtor and Debtor-in-Possession. | Case No.: 2:21-bk-16800-BB<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY RINGSTAD & SANDERS LLP AS GENERAL INSOLVENCY COUNSEL AND REQUEST FOR HEARING**<br><br>Hearing Date: [To be Set]<br>Time: [To be Set]<br>Place: Courtroom 1539 via ZoomGov<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR AND ITS PROPOSED COUNSEL OF RECORD, CREDITORS, AND ALL PARTIES IN INTEREST:**

Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee") hereby files an objection to the *Application to Employ Ringstad & Sanders LLP as General Insolvency Counsel* [Dkt. No. 23] (the "Employment Application") filed by World Service West/LA Inflight Service Company, LLC ("Debtor") and requests a hearing.

1

Pursuant to Local Bankruptcy Rule ("LBR") 9013-1(o)(4), if movant fails to obtain a hearing date, the Court may deny the motion without prejudice, without further notice or hearing.

## I. INTRODUCTION

The U.S. Trustee has reviewed the Employment Application and objects on the ground that Ringstad & Sanders LLP ("Applicant") seeks monthly *Knudsen* payments without sufficient basis or evidence. Specifically, Applicant seeks authority to be paid "its monthly invoices for fees and costs on a current basis . . . upon the depletion of the retainer [ ] funded prepetition."[1] *See* Employment Application at p. 10. The proposed monthly payments, however, are in contravention of the Bankruptcy Code, the U.S. Trustee's Compensation Guide, and *In re Knudsen* and, thus, must be denied.

## II. LEGAL ARGUMENT

### A. Applicant Failed to Demonstrate it is Entitled to *Knudsen* Payments

Applicant has not established it is entitled to payments in accordance with the compensation procedures allowed in *rare* circumstances pursuant to *In re Knudsen Corp.*, 84 B.R. 668 (BAP 9th Cir. 1988). The customary compensation procedure requires a professional to file an application for compensation which is subject to a notice and a hearing prior to the allowance or payment of fees. In *Knudsen*, the bankruptcy court authorized counsel to submit statements of compensation and reimbursement of expenses at the end of each month, without prior court approval of payments. *See* 84 B.R. at 669-70. The Ninth Circuit B.A.P. specifically pointed out that such procedures should only be used in "rare circumstances": "in rare circumstances where adequate safeguards are taken, a bankruptcy court may implement a fee payment procedure such as the one used here." *Id.*

---

[1] The U.S. Trustee does not object to the proposed drawdown from the prepetition retainer as set forth in the Employment Application in Section E "Retainer for Post Petition Services." *See* Employment Application at pp. 9-10. This is consistent with the United States Trustee's Guide to Applications for Retainers, and Professional and Insider Compensation ("Compensation Guide"), which is available online at: https://www.justice.gov/sites/default/files/ust-regions/legacy/2011/07/13/ch11_guide_insider_compensation.pdf and is also attached hereto as Exhibit 1 for the Court's convenience. Rather, the U.S. Trustee's objection is limited to continued monthly payments of Applicant's fees and costs *after* the prepetition retainer is exhausted.

2

at 671. The Ninth Circuit B.A.P. noted that counsel's fees exceeded $250,000 per month.[2] *See id.* at 672 (n.6). *Knudsen* held that the procedure approved was the exception rather than the general rule and laid out the required findings for said procedures to be approved:

> In general, professionals must file applications for compensation which are subject to a noticed hearing prior to allowance or payment of fees. However, in the rare case where the court can make the following findings, a fee retainer procedure like the one here may be authorized:
>
> 1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
>
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>
> 3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Id.* at 672-73. The rationale behind approval of the *Knudsen* procedure was the problem that ". . . in large cases, [ ] when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization." *Id.* at 672.

The Employment Application fails to provide any evidence or discussion to support the required *Knudsen* findings. Applicant, in fact, provides no justification for the proposed monthly payment other than stating that Debtor agreed to this payment structure in the retainer agreement. *See* Employment Application at p. 10. But this is insufficient under *Knudsen*. While Applicant cites to LBR 2016-1(b) for the general proposition that this Court has the authority to permit interim compensation more frequently than 120 days, *see* Employment Application at p. 12, Applicant fails to discuss or present any evidence to establish the required *Knudsen* findings. Because Applicant has failed to establish the *Knudsen* findings, the proposed monthly compensation procedures should be denied.

---

[2] *Knudsen* was decided in 1988, so the $250,000 monthly fees equate to a much higher number in 2021 with the cost of inflation and increase in professional fees.

1   Furthermore, on this record, it is indisputable that the *Kndusen* findings cannot be met in this case. Debtor is a *small* business debtor proceeding under Subchapter V. *See* Voluntary Petition for Non-Individuals, Schedules, and Related Statements [Dkt. No. 1] ("Petition") at p. 2. It is axiomatic that this small business case stands in stark opposition to the rare large Chapter 11 case contemplated by *Knudsen*. Debtor has no secured or priority debt scheduled and a mere $2.6M in general unsecured liability—the large portion of which represents a single class action settlement of $1.8M. *See id.* at p. 14. And there is no creditor that claims any interest in cash collateral. *See* Employment Application at p. 10. The schedules and latest monthly operating report further suggest that Debtor has a healthy sum of cash on hand. There is simply no evidence this is the rare large case where Applicant is "essentially compelled to finance the reorganization." *See* Petition at p. 15 (approximately $223K cash on hand as of the petition date), Monthly Operating Report. Operating Report Number: 1 [Dkt. No. 33] (approximately $236K cash balance end of August 2021). The record before this Court demonstrates the opposite, and, for this reason, the proposed monthly compensation procedures should be denied.

### B.     Alternatively, the U.S. Trustee Proposes Applicant Keep any Monthly Payments in Trust Pending Approval of Fee Applications Every 120 Days

The U.S. Trustee understands that every single bankruptcy professional will have a hardship if they are not paid immediately. However, this is the cost of doing business in bankruptcy. In fact, every solo practitioner faces even more financial difficulty compared to a firm like Applicant. Nonetheless, every firm must be treated equally under the Bankruptcy Code[3] unless the *Knudsen* findings are established in the rare and exceptionally large Chapter 11 cases.

As an alternative, the U.S. Trustee does not object to Applicant keeping the monthly payments in trust pending approval of interim fee applications every 120 days. This will ensure that the Applicant has some financial assurance that it will be paid, similar to their proposed monthly payments, and allow for proper compliance with the Bankruptcy Code, LBRs, and U.S. Trustee Guidelines.

---

[3] 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

### III. CONCLUSION

The Court should deny approval of the proposed *Knudsen* monthly payment because it contravenes the Bankruptcy Code, LBRs, and Compensation Guide, and no evidence has been provided to demonstrate that the *Knudsen* findings are met. To the contrary, the record in this case demonstrates that the *Knudsen* findings cannot be met here.

WHEREFORE the U.S. Trustee prays that the Court:

1. Sustain the U.S. Trustee's objection;
2. Deny the monthly payments requested in the Employment Application (*after* exhaustion of the prepetition retainer); and
3. For such other and further relief as is just.

Dated: September 24, 2021

PETER C. ANDERSON
UNITED STATES TRUSTEE

/s/ Eryk R. Escobar
By: Eryk R. Escobar
Attorney for the United States Trustee

# EXHIBIT 1



**U.S. Department of Justice**

United States Trustee
Central District of California

| | | | |
|---|---|---|---|
| *411 W. Fourth St* | *725 South Figueroa St.* | *3685 Main St.* | *21051 Warner Center Lane* |
| *Suite 9041* | *Suite 2600* | *Suite 300* | *Suite 115* |
| *Santa Ana, CA 92701* | *Los Angeles, CA 90017* | *Riverside, CA 92501* | *Woodland Hills, CA 91367* |
| *(714) 338-3400* | *(213) 894-6811* | *(909) 276-6990* | *(818) 716-8800* |
| *FAX (714) 338-3421* | *FAX (213) 894-2603* | *FAX (909) 276-6973* | *FAX (818) 716-1576* |

# Guide To Applications For Retainers, And Professional And Insider Compensation ("Compensation Guide")

**I.    Retainers**

    **A.    General Information**

The provisions of this guide allowing draw-down of retainers apply only if the professional has obtained an order authorizing employment that also authorizes the draw-down of the retainer.[1]

    **B.    Accounting For Services Covered By A Retainer**

Any unearned portion of a pre-petition or post-petition retainer that is an advance against fees must be deposited in a segregated trust account upon filing of the petition. If the pre-petition retainer is earned upon receipt, the funds need not be segregated by the professional.

    1.    Any professional who has received a pre-petition or post-petition retainer must submit to the United States Trustee a monthly Professional Fee Statement (Form USTLA-6) no later than the 20th day after the end of the month during which professional services were rendered, together with documentation supporting the charges for the professional services and expenses in the form required for professional fee applications by applicable law.  In addition, a copy of the Professional Fee Statement (without the supporting documentation) must be served on the official creditors' committee or, if no committee has been appointed, on the 20 largest unsecured creditors, and on those parties who have requested special notice. The Professional Fee Statement should include a statement that the supporting documentation can be obtained from the professional upon request.

---

[1] Some judges do not permit attorneys to draw down on retainers pursuant to the procedure set forth herein. Professionals with retainers should thus make certain at the time of their employment what procedures are required by the judge to whom the case is assigned.

2. The Professional Fee Statement must explicitly state that the fees and costs will be withdrawn from the trust account in the amount requested without further notice or hearing, unless an objection is filed with the clerk of the court and served upon the applicant(s) within 10 days after service of the Professional Fee Statement. If no objection is timely filed and served, the professional may withdraw the requested compensation without further notice, hearing or order. If an objection is timely filed and served, the professional should refrain from withdrawing any funds until the objection has been resolved by the court.

3. Notwithstanding the submission of the Professional Fee Statement, as long as the professional is performing services covered by a retainer, the professional must submit interim fee applications to the court as required by applicable law. Once the full amount of the retainer including an earned on receipt retainer, has been accounted for, no further Professional Fee Statements shall be filed.

4. Neither the United States Trustee nor any party in interest shall be estopped from raising objections to any charge or expense in any professional fee application filed with the court on the ground that no objection was lodged to the Professional Fee Statement.

## II. Insider Compensation

Form USTLA-12 should be used for compliance with Local Rule Bankruptcy Rule 2014-1(a).

*Revised April 2008*        2